Sara Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Lalla Lilley

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| LALLA LILLEY,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHERN CALIFORNIA EDISON,<br><br>    Defendant. | Case No: _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Lalla Lilley ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Southern California Edison ("Defendant"), in negligently, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.,("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The Telephone Consumer Protection Act ("TCPA") was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology- for example, computerized calls dispatched to private homes- prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-103, § 11. Toward this end, Congress found that

   > [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at*4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…" *Id*. at §§12-13. See also, *Mims*, 132 S. Ct. at 744.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction because this case arises out of the violation of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

11. This action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because the events giving rise to Plaintiff's causes of action against Defendant occurred within the State of California and the County of San Bernardino, within this judicial district.

## PARTIES

14. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

15. Plaintiff is informed and believed, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is in Rosemead, CA. Defendant, is a citizen of this state. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10). Defendant provides energy to thousands, if not hundreds of thousands, of consumers. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Bernardino, and within this judicial district.

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff is a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

17. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

18. At all times relevant Defendant conducted business in the State of California and in the County of San Bernardino, within this judicial district.

19. Defendant is an electricity supply company servicing much of Southern California.

20. Plaintiff, is a resident of the city of Yucca Valley, county of San Bernardino and has an established account with Defendant to provide services for her electricity needs.

21. Plaintiff concerned about high electricity bills, contacted Defendant to request a means to monitor her electricity usage throughout the month.

22. During this conversation, Plaintiff consented to Defendant sending usage updates to Plaintiff's cellular telephone number ending in 3146 via text messages when Plaintiff's account reached a certain dollar amount.

23. Subsequent to consenting to receive text messages, Plaintiff received text messages alerting her to her high usage of electricity.

24. Concerned about the usage, Plaintiff contacted Defendant to discuss her account. During this conversation, Plaintiff learned that Defendant was sending Plaintiff text messages for not only her account but also for another unknown client of Defendant's.

25. Plaintiff requested Defendant remove Plaintiff's cellular telephone number from all accounts which did not belong to Plaintiff.

26. Plaintiff continued to receive text message notifications from Defendant for this separate account.

27. On June 14, 2015, in an effort to stop the text messages, Plaintiff responded to Defendant's text message notification by replying "remove me."

28. On July 2, 2015, Plaintiff called Southern California Edison requesting Southern California Edison stop texting her cellular telephone number for all accounts in the future revoking any prior express consent.

29. In response to receiving this revocation of consent, Defendant then sent another, unsolicited, text message to Plaintiff's cellular telephone.

30. Defendant or its agent/s continued to text Plaintiff on Plaintiff's cellular telephone number ending in 3146 via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A) on the following dates:

- July 11, 2015 at 4:49 p.m.
- July 18, 2015 at 4:46 p.m.
- July 25, 2015 at 4:42 p.m.
- August 1, 2015 at 4:47 p.m.
- August 11, 2015 at 5:00 p.m.
- August 28, 2015 at 5:06 p.m.
- September 1, 2015 at 4:55 p.m.
- September 10, 2015 at 4:51 p.m.
- September 17, 2015 at 4:51 p.m.
- September 25, 2015 at 4:49 p.m.
- October 1, 2015 at 4:59 p.m.
- October 9, 2015 at 4:57 p.m.
- October 16, 2015 at 4:52 p.m.
- October 23, 2015 at 4:39 p.m.
- October 30, 2015 at 4:38 p.m.
- November 17, 2015 at 4:38 p.m.
- November 25, 2015 at 4:52 p.m.
- December 1, 2015 at 4:37 p.m.
- December 11, 2015 at 4:46 p.m.
- December 18, 2015 at 4:30 p.m.
- December 26, 2015 at 4:57 p.m.
- January 2, 2016 at 4:53 p.m.
- January 12, 2016 at 4:49 p.m.
- January 19, 2016 at 4:24 p.m.

- January 26, 2016 at 4:21 p.m.
- February 2, 2016 at 4:18 p.m.
- February 10, 2016 at 4:48 p.m.
- February 17, 2016 at 4:12 p.m.
- February 24, 2016 at 4:09 p.m.
- March 2, 2016 at 4:17 p.m.
- March 11, 2016 at 4:54 p.m.
- March 18, 2016 at 4:24 p.m.
- March 25, 2016 at 4:13 p.m.
- April 1, 2016 at 4:11 p.m.
- April 13, 2016, at 5:01 p.m.
- April 19, 2016 at 4:56 p.m.
- April 27, 2016 at 5:12 p.m.
- May 3, 2016 at 4:55 p.m.
- May 12, 2016 at 4:57 p.m.
- May 25, 2016 at 5:02 p.m.
- May 19, 2016 at 5:16 p.m.
- June 1, 2016 at 4:57 p.m.
- June 11, 2016 at 5:11 p.m.
- June 18, 2016 at 5:20 p.m.
- June 24, 2016 at 4:35 p.m.
- July 14, 2016 at 5:05 p.m.
- July 19, 2016 at 4:20 p.m.
- July 26, 2016 at 4:27 p.m.
- August 8, 2016 at 5:22 p.m.
- August 11, 2016 at 5:22 p.m.
- August 11, 2016 at 6:20 p.m.
- August 17, 2016 at 4:34 p.m.

31. This unsolicited text message placed to Plaintiff's cellular telephone was placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1) (A).

32. The telephone number that the Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

33. These text messages constituted contacts that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

34. Plaintiff revoked any prior express consent given to Defendant and/or its Agents to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

35. These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b(1).

36. Defendant placed Plaintiff's number in another consumer's account and Plaintiff would therefore receive startling texts regarding enormously high energy costs, that were in fact, someone else's.

37. Through this action, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

38. Plaintiff was personally affected because she was frustrated and distressed that despite her telling Defendant to stop texting her cellular telephone, Defendant continued to harass Plaintiff with text messages.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

41. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## FOR KNOWING AND/ OR WILLFULL VIOLATION OF
## THE TCPA, 47 U.S.C. § 227 ET SEQ.

43. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**Prayer For Relief**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### TRIAL BY JURY

46. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: August 18, 2016                          **HYDE & SWIGART**

                                               By: /s/ Sara F. Khosroabadi
                                                        Sara F. Khosroabadi, Esq.
                                                        Attorney for Plaintiff